FILED
United States Court of Appeals
Tenth Circuit

February 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JESUS NAUM MEZA-RIOS,
a/k/a Jesus Payon,

        Petitioner,

v.

ERIC H. HOLDER, JR.,

        Respondent.

No. 13-9521
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH, EBEL,** and **HOLMES**, Circuit Judges.

Petitioner Jesus Naum Meza-Rios has filed an emergency motion for stay of

removal pending review. Upon consideration, we deny the stay of removal and

dismiss the petition for review for lack of jurisdiction.

Mr. Meza-Rios is a native and citizen of Mexico. During removal

proceedings, he conceded that he was subject to removal as "[a]n alien present in the

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States without being admitted or paroled . . . ." 8 U.S.C. § 1182(a)(6)(A)(i). Although he initially applied for cancellation of removal, he abandoned that request for relief at the outset of the merits hearing before the immigration judge (IJ). He requested and was granted voluntary departure, but the IJ gave him only a thirty-day period in which to depart, not the maximum sixty-day period. He was ordered to post a $500 bond and to depart by February 4, 2011, with an alternate order of removal to Mexico.

Mr. Meza-Rios filed an appeal with the Board of Immigration Appeals (BIA), arguing that he should have been granted sixty days in which to voluntarily leave the United States. On January 31, 2013, the BIA dismissed his appeal for lack of jurisdiction under 8 C.F.R. § 1240.26(g), which states: "No appeal shall lie regarding the length of a period of voluntary departure (as distinguished from issues of whether to grant voluntary departure)." In a footnote, the BIA noted that even if the appeal had not been foreclosed by regulation, Mr. Meza-Rios had failed to provide proof to the BIA that he had paid the voluntary departure bond.

In his emergency motion for stay of removal, Mr. Meza-Rios argues that he timely paid the voluntary departure bond, but his former counsel improperly failed to provide the receipt to the BIA. He asserts that he intends to file a motion to reopen with the BIA to raise a claim of ineffective assistance of counsel. But he does not establish our jurisdiction over the current petition for review or our authority to order a stay of removal under the circumstances of this case.

We conclude that we are not authorized to enter a stay of removal. The plain language of the voluntary departure statute provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, *nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure*." 8 U.S.C. § 1229c(f) (emphasis added).

We also conclude that we lack jurisdiction over this petition for review. The jurisdictional statute provides: "Notwithstanding any other provision of law . . ., no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1229c [voluntary departure] . . . ." 8 U.S.C. § 1252(a)(2)(B). Moreover, Mr. Meza-Rios concedes in his motion for stay that the BIA lacked jurisdiction over the only issue he raised in his administrative appeal, so his appeal is moot. Finally, Mr. Meza-Rios did not assert or preserve any challenges to the order of removal over which we would have jurisdiction. *See id.* § 1252(a)(1).

The emergency motion for stay of removal is denied and the petition for review is dismissed.

Entered for the Court
Per Curiam

- 3 -